IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRIAYANAH SPARKS, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| RAINBOW USA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **COMPLAINT**

COMES NOW, Plaintiff, Briayanah Sparks ("Ms. Sparks"), and files this *Complaint* pursuant to the Americans with Disabilities Act of 1990, as amended (the "ADA"), against Defendant Rainbow USA Inc. ("Defendant").

### **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

The unlawful employment practices alleged in this Complaint were committed within the Atlanta Division of the Northern District of Georgia. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a resident and citizen of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant is a foreign for-profit corporation that is registered to do business in Georgia and has been engaged in business in Georgia and in this District at all times material hereto. Defendant is subject to jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation, 1201 Peachtree St. NE, Atlanta, Georgia 30361.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination and retaliation in violation of the ADA. The EEOC issued a "Notice of Right to Sue" on September 29, 2022, entitling an action to be commenced within

ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## **FACTUAL ALLEGATIONS**

7.

Defendant is an employer subject to the ADA.

8.

Ms. Sparks was hired by Defendant on or around May 6, 2022, as a sales associate.

9.

Ms. Sparks suffers from a disability, within the meaning of the ADA, of which Defendant had actual knowledge. In particular, Ms. Sparks suffers from Psychogenic Nonepileptic Seizures ("PNES").

10.

At the start of her employment, Ms. Sparks informed the District Manager, Store Manager, and Assistant Manager that she suffers from PNES.

11.

Ms. Sparks also requested that she be able to step in the backroom for a few minutes if she was ever feeling unwell due to PNES.

12.

During her employment with Defendant, Ms. Sparks ocassionally spent 3-5 minutes sitting in the backroom to manage her disability.

13.

Ms. Sparks never received any disciplinary action during her employment and was never otherwise informed that she was failing to fulfill the duties of her job.

14.

Nonetheless, on July 1, 2022, the Store Manager informed Ms. Sparks that she was terminated because of her disability. The Store Manager specifically stated that Ms. Sparks was not being terminated because of her performance, but rather, because she needed to take care of her "health problems."

15.

Ms. Sparks was and remains able to perform the essential job functions of the job for which she was hired, with or without a reasonable accommodation.

16.

Defendant terminated Ms. Sparks because of her disabilities or perceived disabilities and/or need for an accommodation.

17.

In terminating Ms. Sparks' employment, Defendant discriminated against Ms. Sparks because of her disabilities.

18.

Ms. Sparks has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)

19.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

20.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

21.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

22.

At all times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

23.

At all times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

24.

Plaintiff's disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

25.

At all times relevant to this action, Plaintiff could perform the essential functions of her position, with or without a reasonable accommodation.

26.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

27.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

28.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

29.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

30.

Plaintiff is entitled to compensatory and punitive damages.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA") (RETALIATION)

31.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

32.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing disability discrimination and requesting a reasonable accommodation for a disability.

33.

Plaintiff engaged in protected activity by notifying the Defendant of her disability and seeking a reasonable accommodation.

34.

Defendant subjected Plaintiff to adverse employment action by terminating her employment after she sought a reasonable accommodation.

35.

There is a causal connection between Plaintiff's disability and subsequent request for a reasonable accommodation and Defendant's decision to terminate her employment as a result.

36.

As a direct and proximate result of these actions, Plaintiff has suffered

damages.

### 37.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)      General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)      Special damages for lost wages and benefits and prejudgment interest thereon;

(d)      Reasonable attorney's fees and expenses of litigation;

(e)      Trial by jury as to all issues;

(f)      Prejudgment interest at the rate allowed by law;

(g)      Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant from further unlawful conduct of the type

described herein; and

(i)     All other relief to which she may be entitled.

This 19th day of October, 2022.

/s/ Zachary Panter
Zachary Panter
Georgia Bar No. 822012
James Radford
Georgia Bar No. 108007
Counsel for Plaintiff

RADFORD & KEEBAUGH
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0308
zachary@decaturlegal.com
james@decaturlegal.com